```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DEMETRIUS BAILEY,              )
             Plaintiff,        )
                               )
     vs.                       ) Civil Action No. 09-900
                               ) District Judge Donetta W. Ambrose
                               ) Magistrate Judge Lisa P. Lenihan
PA CHRIS MEYERS, ET AL.,       )
             Defendants.       )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's motion to proceed in forma pauperis (doc. no. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

II. REPORT

Plaintiff, Demetrius Bailey, is a prisoner presently confined at the State Correctional Institution at Fayette. He has commenced the present action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. For the reasons that follow, the Complaint should be dismissed.

A. Plaintiff's Ability to Proceed IFP

On July 9, 2009, Plaintiff filed an application to proceed in forma pauperis (IFP) in this action (doc. no. 1). Consequently, this Court is required to review Plaintiff's action under the

directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).[1]  Court records indicate that Plaintiff has had at least three prior actions dismissed

---

1. The Court of Appeals for the Third Circuit has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included among the three strikes under section 1915(g).  See Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

either as frivolous or for failure to state a claim upon which relief may be granted.

Specifically, in <u>Bailey v. Price.</u>, Civil Action No. 99-470 (W.D. Pa.), Plaintiff's action was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 by Order December 22, 1999. In <u>Bailey v. Crisanti</u>, Civil Action No. 00-1310 (W.D. Pa.), Plaintiff's action was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 by Order November 22, 2000. Plaintiff appealed this Order and the Court of Appeals for the Third Circuit dismissed the appeal under 28 U.S.C. § 1915(e)(2)(B) by Order dated December 11, 2001 in Civil Action No. 00-4334.[2]

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed <u>in</u> <u>forma</u> <u>pauperis</u> under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past

---

2. A court of appeals' dismissal of an appeal as frivolous or for failure to state a claim counts as a strike pursuant to 28 U.S.C. § 1915(g). *See, e.g.*, <u>Royal v. Young</u>, 97 Fed. Appx. 66, 2004 WL 1088497 (8th Cir. May 17, 2004); <u>Ortiz v. McBride</u>, 380 F.3d 649 (2d Cir. 2004); <u>Thompson v. Gibson</u>, 289 F.3d 1218 (10th Cir. 2002); <u>Glick v. Romer</u>, 210 F.3d 389, 2000 WL 328127(10th Cir. March 29, 2000) (counting both dismissals by District Court and Circuit Court as strikes).

3

are insufficient to trigger the exception to section 1915(g).  *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307 (3d Cir. 2001) (overruling <u>Gibbs v. Roman</u>, 116 F.3d 83, 86 (3d Cir. 1997)).  In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff.  <u>Gibbs v. Cross</u>, 160 F.3d 962, 965 (3d Cir. 1998); <u>Gibbs v. Roman</u>, 116 F.3d at 86.  The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending.  By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred.  The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

<u>Abdul-Akbar</u>, 239 F.3d at 315 (internal citation omitted).

A review of Plaintiff's allegations fails to indicate any imminent danger of physical injury caused by Defendants' alleged misconduct when the action was filed.  It is clear that no danger of serious physical injury can be derived from these allegations.  Accordingly, Plaintiff's motion to proceed IFP should not be granted.

III. <u>CONCLUSION</u>

Based on the discussion above, it is respectfully recommended that Plaintiff's motion to proceed <u>in forma pauperis</u> (doc. no. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this

4

action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within sixty (60) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        _____
                                        LISA PUPO LENIHAN
                                        U.S. Magistrate Judge

Dated: October 27, 2009

Demetrius Bailey
CP-7819
SCI Fayette
Box 9999
LaBelle, PA 15450-0999